United States District Court
Southern District of Texas
**ENTERED**
September 05, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Raul Rios, Jr., §<br>    Petitioner, §<br>§<br>v. §<br>§    Civil Action H-19-2413<br>Lorie Davis, §<br>Director, Texas Department §<br>of Criminal Justice, Correctional §<br>Institutions Division, §<br>    Respondent. § | |

## Memorandum and Recommendation

Raul Rios, Jr. has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a prison disciplinary case. (D.E. 1.) The court recommends that the petition be dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

*1. Background*

According to the petition, Rios is serving a ten-year sentence. He was charged in a disciplinary case in September 2017 with disobeying a direct order. As punishment, he lost 30 days of recreation and commissary privileges, as well as access to the telephone. His line class was reduced from L1 to L2, and his custody level remained unchanged.

Rios argues that his due process rights were violated because the offense is based on false allegations and is related to a constitutionally vague prison rule. (D.E. 1 at 6.) He states that the disciplinary hearing officer found him guilty based solely on the charging officer's statement. (D.E. 1 at 7.) The relief he seeks includes the dismissal of his disciplinary case and the restoration of his line class. *Id.*

*2. Analysis*

Federal habeas relief is not available "absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (internal quotations omitted). In the context of a Texas inmate's challenge to a prison disciplinary proceeding, the focus is on whether the punishment imposed deprived the petitioner of a constitutional right. *Buchanan v. Director, TDCJ-CID*, No. 6:17cv505, 2017 WL 6512357, at *1 (E.D. Tex. Dec. 19, 2017). Thus, the petitioner must show 1) that he has been punished by the loss of good time credits, and 2) that he is eligible for release on mandatory supervision. *Id.*

Rios does not allege the loss of any good time credits and he says he is not eligible for release on mandatory supervision. (D.E. 1 at 5.) Absent these allegations, Rios has not been deprived of any constitutional right. "[T]he Due Process Clause does not protect every change in the conditions of confinement which has a substantial adverse effect upon a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). The loss of privileges and reduction in status constitute only a change in his conditions of confinement, not the length of his confinement, which does not implicate due process concerns. *Marx v. Stephens*, No. H-14-03193, 2014 WL 6453610, at *3 (S.D. Tex. Nov. 17, 2014).

*3. Conclusion*

The court recommends that the petition for writ of habeas corpus be denied with prejudice as no constitutional violation has been established. Because reasonable jurists would not find the court's assessment of Rios's claims debatable or wrong, the court recommends that a certificate of appealability not be issued. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C.

§ 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on September 5, 2019.

_____
Peter Bray
United States Magistrate Judge